IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DALE ALAN CURTIS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv576 |
| CHERYL EGAN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff Dale Alan Curtis, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are: Beto Unit Physician's Assistant Cheryl Egan; the Administrator of the Program Office of Professional Services for the TDCJ Health Services Division (subsequently identified as Myra Walker); Beto Unit correctional officers Reshetta Lewis, Rose Coburn, and Keith Foust; investigator Christy Hoisington; Terrell Unit medical provider Dr. Erin Jones; Joni White, assistant director of the TDCJ Bureau of Classification; the Chief of Classification at the Beto Unit (subsequently identified as Ramona Pharis); and "other unknown persons."

**I. Background**

Curtis complained that he had a hardship assignment to the Beto Unit, but Egan filed a medical transfer, which he asserted was falsified, to send him to another unit further from his family. He tried to decline the transfer but was not permitted to do so. Instead, he was sent to the Terrell Unit, where he contends that Dr. Jones changed his medications without evaluating or even seeing him.

1

Curtis complained that Officer Lewis retaliated against him by filing disciplinary cases against him, investigators Bridgette Smalley and Christy Hoisington intentionally investigated these cases incorrectly, Officer Coburn refused to allow him to go to medical lay-ins and retaliated against him, and Officer Foust assaulted him at Coburn's behest and has retaliated against him. Curtis attached a number of documents to his complaint as part of his pleading.

**II. The Motions to Dismiss and Motion for Partial Summary Judgment**

The Defendants Ramona Pharis and Myra Walker filed a motion to dismiss asserting that Curtis did not mention them in his complaint other than in his list of defendants and request for declaratory relief and that Curtis wholly failed to plead any personal involvement by them in a constitutional deprivation. The Defendants Cheryl Egan and Dr. Jones also filed a motion to dismiss asserting that Curtis failed to state a claim upon which relief may be granted against them.

The Defendants Hoisington, Foust, and White filed a motion for partial summary judgment solely on the issue of exhaustion of administrative remedies with regard to Curtis' retaliation claims. Curtis did not file responses to any of these motions.

**III. The Report of the Magistrate Judge**

After review of the pleadings and record, including Curtis' documents, the Magistrate Judge issued a Report recommending that the motions to dismiss and the motion for partial summary judgment be granted. The Magistrate Judge determined that Curtis' claims of liability against Pharis and Walker were nothing more than "naked assertions devoid of further factual enhancement," which are not sufficient to state a claim upon which relief may be granted. The Magistrate Judge also concluded that Curtis failed to state a claim against Egan and Dr. Jones.

With regard to the motion for partial summary judgment, the Magistrate Judge determined that none of Curtis' grievances gave the prison officials a fair opportunity to address Curtis' claim that he was the victim of retaliation. The Magistrate Judge therefore concluded that the motion for partial summary judgment should be granted.

**IV. Curtis' Objections**

Curtis sets out what he calls 12 "factual objections" to the Magistrate Judge's Report. In the first three of these, Curtis asserts that the case was originally assigned to U.S. District Judge Robert Schroeder, who referred the case to Magistrate Judge Love for pre-trial proceedings. However, Judge Schroeder reassigned the case to U.S. District Judge Ron Clark on October 13, 2017. According to Curtis, this reassignment removed the reference to Magistrate Judge Love and left Judge Clark as the sole judicial officer to conduct any and all further proceedings. He offers no authority for this assertion. Prisoner cases in the Eastern District of Texas are automatically referred to magistrate judges, and there is no provision for undoing this referral upon reassignment of the presiding district judge. *See* General Order No. 16-10, Eastern District of Texas (September 1, 2016).

In his next three objections, Curtis complains that he filed a motion to stay the case because he wanted the Court to clarify who was the lead attorney for the Defendants. This is not a valid reason to stay the case, and Curtis has not shown any harm from the fact that the case was not stayed. These objections are without merit.

In objection no. 7, Curtis asserts that he was not afforded an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). There is no requirement that *Spears* hearings be conducted in every case; the Fifth Circuit has stated that "our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). In this case, the Defendants filed motions to dismiss and for partial summary judgment, giving Curtis notice of potential deficiencies in his complaint and an opportunity to respond or amend his pleadings. *See Neitzke v. Williams*, 490 U.S. 319, 329-30. 109 S.Ct. 1927, 104 L.Ed.2d 338 (1989). This objection is without merit.

Next, Curtis contends that he "gave notice of the alleged constitutional civil rights violations as required by §1983. Plaintiff is not required to prove his claim in the complaint or to be held to the same standards as a skilled and learned attorney in the laws, proceedings, and draftings of a complaint. Plaintiff is only required to give notice not to win by complaint alone."

After Curtis filed his complaint, there were two motions to dismiss filed which challenged the sufficiency of his pleadings. The Supreme Court has set out the requirements for pleading sufficiency under the Federal Rules of Civil Procedure. The Magistrate Judge recounted these requirements as follows:

> Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief which is plausible on its face. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555.
> 
> Fed. R. Civ. P. 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* at 678.
> 
> A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; see also *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).
> 
> Pro se plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but pro se plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Curtis has not shown and a review of his pleadings does not reflect that he complied with these pleading requirements enough to survive a motion to dismiss. The Magistrate Judge correctly

4

determined that the motions to dismiss filed by Pharis and Walker, and by Egan and Dr. Jones, were meritorious and should be granted. Curtis' objection on this point is without merit.

In objection no. 9, Curtis states he "presented documents in the complaint as exhibits that overcome all reasons for dismissal." He does not point to any particular document, nor show how any such document or documents "overcomes all reasons given for dismissal." The Magistrate Judge examined each of the documents furnished by Curtis and discussed them in the Report. This objection is without merit.

In objections no. 10 and 11, Curtis asserts that the case was filed in the Tyler Division of the Eastern District of Texas and Judge Clark is assigned to the Beaumont Division, so Curtis believes that Judge Clark does not have jurisdiction. Federal district judges for a particular judicial district have jurisdiction throughout that district and are not limited by divisional boundaries. *See, e.g.*, 28 U.S.C. §137. In any event, the divisional venue statute, 28 U.S.C. §1393, was abolished in 1988. *See* Public Law 100-702, Title X, §1001(a) (November 19, 1988, 102 Stat. 4664). These objections are without merit.

In his final objection, Curtis contends that the docket verifies he has not been afforded meaningful, fair, and unbiased access to court. The docket shows that after Curtis filed his lawsuit, the Defendants were ordered to file an answer or otherwise plead. The Defendants Ramona Pharis and Myra Walker filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Defendants White, Coburn, Foust, and Hoisington then filed an answer, and Egan and Dr. Jones filed their motion to dismiss. White, Coburn, Foust, and Hoisington then filed their motion for partial summary judgment. Curtis does not allege that he did not receive notice of these motions or that he did not have an adequate opportunity to respond. He has failed to show he was denied meaningful, fair, and unbiased access to court. His objections are without merit.

**III. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1)

5

(District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 31) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motions to dismiss filed by the Defendants Ramona Pharis and Myra Walker (docket no. 18) and Cheryl Egan and Dr. Erin Jones (docket no. 22) are **GRANTED**. The Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the motion for partial summary judgment filed by the Defendants Foust, White, and Hoisington (docket no. 25) is **GRANTED**. The retaliation claims against the Defendants Foust, White, and Hoisington are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED March 5, 2019.**

_____
Ron Clark, Senior District Judge