IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DALE ALAN CURTIS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv576 |
| CHERYL EGAN, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Plaintiff Dale Alan Curtis filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Curtis named Beto Unit Physician's Assistant Cheryl Egan; the Administrator of the Program Office of Professional Services for the TDCJ Health Services Division (subsequently identified as Myra Walker) Beto Unit correctional officers Reshetta Lewis, Rose Coburn, and Keith Foust; investigator Christy Hoisington; Terrell Unit medical provider Erin Jones; Joni White, assistant director of the TDCJ Bureau of Classification; the Chief of Classification at the Beto Unit (subsequently identified as Ramona Pharis); and "other unknown persons."

The Defendants Pharis and Walker filed a motion to dismiss, as did the Defendants Egan and Dr. Jones. The Defendants Hoisington, Foust, and White filed a motion for partial summary judgment limited to the issue of exhaustion of administrative remedies on the retaliation claims against them. Curtis did not respond to any of these motions.

After review of the pleadings and summary judgment evidence, the Magistrate Judge issued a Report recommending that the two motions to dismiss and the motion for partial summary judgment be granted. Curtis filed objections, but these were overruled and the motions were granted

1

on March 5, 2019. As a result, the Defendants Pharis, Walker, Egan, and Dr. Jones were dismissed from the lawsuit and the retaliation claims against Hoisington, Foust, and White were also dismissed.

On April 8, 2019, Curtis filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). This motion focused on the manner in which judicial officers of the Court were assigned to the case and also complained that all of the defendants were required to be represented by one attorney. On May 10, 2019, the Magistrate Judge issued a Report recommending that the motion for relief from judgment be denied. Curtis received a copy of this Report on May 17, 2019, but has filed no timely objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 40) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for relief from judgment (docket no. 39) is **DENIED**.

So **ORDERED** and **SIGNED** June 23, 2019.

_____
Ron Clark, Senior District Judge

2