IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DALE ALAN CURTIS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv576 |
| CHERYL EGAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Dale Alan Curtis, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Curtis named: Beto Unit Physician's Assistant Cheryl Egan; the Administrator of the Program Office of Professional Services for the TDCJ Health Services Division (subsequently identified as Myra Walker); Beto Unit correctional officers Reshetta Lewis, Rose Coburn, and Keith Foust; grievance investigator Christy Hoisington; Terrell Unit medical provider Dr. Erin Jones; Joni White, assistant director of the TDCJ Bureau of Classification; and the Chief of Classification at the Beto Unit (subsequently identified as Ramona Pharis). An individual named Marcus Robinson was named in Curtis' original complaint but was deleted from the amended complaint, effectively dismissing him without prejudice from the lawsuit.

Of these Defendants, Pharis, Walker, Egan, and Dr. Jones have previously been dismissed. The retaliation claims against the Defendants Foust, White, and Hoisington have also been dismissed. After these Defendants were dismissed, the Defendants Coburn, Foust, White, and

1

Hoisington filed a motion for summary judgment on the merits of the claims against them. Curtis filed a response to this motion.

After careful review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment on the merits be granted and the claims against them dismissed with prejudice. The Magistrate Judge further recommended that the claims against the Defendant Reshetta Lewis, who has not been served and did not answer or join in the motion for summary judgment, be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted. After seeking and receiving an extension of time, Curtis filed objections which he signed on December 30, 2019.

**I. The Plaintiff's Claims**

Curtis asserted that he was at the Beto Unit on a TDCJ-approved hardship to place him closer to his family. However, Physician's Assistant Cheryl Egan filled out an Individualized Treatment Plan saying that Curtis needed to be at a unit with extended medical hours and recommending that the Health Services Liaison and the Bureau of Classification be contacted and arrangements made to transfer Curtis to a more suitable unit. Curtis completed a Refusal of Treatment form declining the transfer, but he was nonetheless transferred to the Terrell Unit. He contended that Egan was retaliating against him and that the Individualized Treatment Plan form was fraudulent because TDCJ had approved his housing at the Beto Unit and the Terrell Unit had the same medical hours as did the Beto Unit and also required more walking than did the Beto Unit. The transfer to the Terrell Unit was approved by Director of Classification Joni White and Curtis wrote to her after he was transferred, but received no reply. After he arrived at the Terrell Unit, Curtis contended that Dr. Erin Jones was deliberately indifferent to his medical needs because she changed his medications without having evaluated him.

Curtis also complained of a number of incidents which took place at the Beto Unit prior to his transfer to the Terrell Unit. He said that he filed a grievance against Officer Lewis on April 30, 2014, and she retaliated against him by threatening him with a disciplinary case on September 28,

2014, and actually writing him a case on October 24, 2014. He argues that his appeal of the October 24 disciplinary case was intentionally screened improperly by Hoisington.

On April 3, 2015, Curtis contended that Lewis retaliated against him by refusing to comply with TDCJ regulations involving entering and exiting cells, even though she knew that Curtis was trying to go to the restroom.

Curtis further complained that on November 29, 2013, Officer Coburn created an unsafe situation for him by refusing to allow him in the dayroom with his crutches. He claims that Coburn would not allow him to go to medical lay-ins on January 13, August 29, and December 14, 2014. She also would not allow him to go to medical lay-ins on February 25, March 3, or May 13, 2015. On March 8, 2015, Curtis asserts that Coburn solicited Foust to assault him, and this assault occurred on April 30, 2015, some seven weeks later. According to Curtis, the assault consisted of Officer Foust grabbing his arm and denying him a meal. Curtis argued that all of the actions taken by all of the Defendants were retaliatory in nature.

## II. The First Report of the Magistrate Judge

The Magistrate Judge issued a Report dated January 28, 2019 (docket no. 31) recommending that the motions to dismiss filed by Ramona Pharis and Myra Walker, and by Cheryl Egan and Dr. Jones, be granted and the claims against these Defendants dismissed. The Magistrate Judge also recommended that the motion for partial summary judgment by Hoisington, Foust, and White on the issue of retaliation be granted because Curtis had not exhausted his administrative remedies on this claim. Curtis filed objections to this Report but these were overruled. On March 5, 2019, the Court entered an order (docket no. 35) adopting the Report and dismissing the claims against Pharis, Walker, Egan, and Dr. Jones. The order also dismissed the retaliation claims against Hoisington, Foust, and White. Curtis filed a motion for reconsideration of this order, but the motion was denied (docket no. 44). He then took an interlocutory appeal, which was dismissed for want of prosecution.

**III. The Second Report of the Magistrate Judge**

After the Court's order of partial dismissal, the Defendants Coburn, Foust, White, and Hoisington filed a motion for summary judgment on the merits of the claims against them. Curtis sought and was granted an extension of time to respond to this motion, which he did.

After review of the motion, the response, and the summary judgment evidence, the Magistrate Judge issued a Report on October 30, 2019, recommending that the motion for summary judgment be granted. After tracing the history of the case and reviewing the summary judgment evidence, the Magistrate Judge determined that the claims against classification chief Joni White lacked merit because Curtis did not show that White acted improperly in accepting a recommendation for a transfer made by medical staff and Curtis did not have a protected liberty interest in being housed at the Beto Unit.

The Magistrate Judge also stated that Curtis did not have a protected liberty interest in having his grievances resolved to his satisfaction and so his claim that Hoisington did not answer his grievances in the way he thought appropriate also lacked merit. Furthermore, the Magistrate Judge determined that while Curtis contended that Hoisington intentionally answered his grievances incorrectly, he offered nothing beyond speculation to substantiate this claim.

With regard to Foust, the Magistrate Judge determined that the alleged use of force was *de minimis* and did not result in any injuries, nor did it amount to malicious and sadistic action undertaken for the very purpose of causing harm. Thus, the Magistrate Judge concluded that Curtis' claim of excessive force by Foust did not rise to the level of a constitutional violation.

The Magistrate Judge next examined each incident of alleged denial of medical care by Coburn and determined that these allegations did not rise to the level of a constitutional claim. The Magistrate Judge likewise determined that Curtis' claims of retaliation by Coburn were conclusory and inadequate to set out a constitutional claim.

The Defendant Reshetta Lewis was never served with process and did not join in the motion for summary judgment. The Magistrate Judge reviewed Curtis' claims against Lewis and

determined that these claims were frivolous and failed to state a claim upon which relief may be granted. 28 U.S.C. §1915A. Finally, the Magistrate Judge concluded that the Defendants Coburn, Foust, Hoisington, and White were entitled to qualified immunity.

**IV. Curtis' Objections to the Report**

In his objections, Curtis asserts first that he was "filing grievances for being delayed, failure to follow TDCJ policy AD-6.07 access to medical and violating PD-22 to attend Plaintiff's medical lay-in[s]." He says that he "showed with the grievances that Plaintiff was being delayed continuously after the filing of each grievance which is harassment and retaliation used to stop Plaintiff by intimidation to suppress Plaintiff's First Amendment right to redress the government and the employees. Plaintiff's continued filing of grievances against Coburn resulted in the solicitation of Foust to help harass and retaliate against Plaintiff. Foust began harassing Plaintiff and Foust's aggression begin to increase after Plaintiff filed the grievance stating Coburn had solicited Foust to harass and retaliate against Plaintiff. Foust's aggression resulted in grabbing Plaintiff's arm, denying Plaintiff of a meal and refusing to call rank so the incident would be covered up." He says that his family filed a complaint, but the investigation was manipulated so that the outcome would be favorable for the prison employees.

Curtis asserts for the first time in his objections that he was told he was would be transferred to the Powledge Unit for medical reasons. He states that he asked Egan not to submit the transfer, but he was transferred anyway. However, instead of going to the nearby Powledge Unit, Curtis says that he was transferred to the Terrell Unit far away from his family, which he claims is evidence of retaliation.

Once he arrived at the Terrell Unit, Curtis states that his medication was changed by Dr. Jones without an evaluation. He filed a grievance which was thrown away by a grievance investigator named Williams, who is not part of this lawsuit. Curtis asserts that the facts which he lists are "evidence to show retaliation was committed by all defendants." He contends that had the Court allowed discovery and interrogatories, more evidence would have been revealed.

5

After setting out the history of the case, Curtis maintains that his retaliation claims can only be resolved by a trial. He says he has shown that the transfer to the Terrell Unit was done under false pretenses because the medical department at the Beto Unit is staffed 24 hours a day with doctors and nurses on duty during the day and on call at night, which is the same as at the Terrell Unit. He asserts that he was retaliated against because he filed complaints and that "the grievances filed were related to each act of retaliation was committed after each grievance against Coburn and Foust [sic]." He claims that all of the defendants knew that the reason for the transfer was a "disguise" and that everyone knew he was at the Beto Unit on a TDCJ-approved hardship.

Next, Curtis contends that Hoisington covered up acts of wrongdoing and did not process some of his grievances in an attempt to chill his filings against wrongful acts by the Defendants. He filed allegations of PD-22 violations against Coburn and Foust as well as "Coburn violated TDCJ policy AD-6.07 that violates the Eighth Amendment for cruel and unusual punishment."

Curtis states that his complaint shows fabricated reasons for a medical transfer and a chronology from which retaliation may plausibly be inferred. He contends that the delay in medical care and the grabbing of his arm were both motivated by his filing of grievances.

Curtis argues that Myra Walker knew that the reasons for the medical transfer were fabricated, although he does not explain how she would have known that. He says that Joni White and Ramona Pharis knew that he was at the Beto Unit on a medical hardship, and the failure to prevent his transfer to the Terrell Unit was "an agreement to allow Plaintiff to be sent far away from Plaintiff's family."

After again complaining that Dr. Jones changed his medication without seeing him and that Hoisington's failure to investigate his credible allegations of misconduct was a violation of his rights, Curtis asserts that the Court did not permit discovery through which he could have proven his claims, including showing that the reasons for his transfer were fabricated.

## V. Discussion

Although Curtis repeatedly complains about his transfer to the Terrell Unit, the Magistrate Judge properly concluded that Curtis failed to state a claim against Egan because his allegations that she falsified the transfer document and that she retaliated against him were entirely conclusory. In addition, the Magistrate Judge correctly determined that the TDCJ hardship program did not give Curtis a protected liberty interest in remaining at the Beto Unit for as long as he wanted and that Curtis' disagreement with Egan as to his medical needs being better met at the Terrell Unit did not show deliberate indifference to his serious medical needs. Curtis' objections regarding Egan are without merit.

After his arrival at the Terrell Unit, Curtis complains that Dr. Jones changed his medication without examining him. He appears to ascribe this to retaliation, but as with Egan, Curtis offers nothing to suggest that Dr. Jones was aware of any grievances which he had filed, nor does he present any specific facts showing retaliatory intent.

The Magistrate Judge properly found that the fact Dr. Jones adjusted Curtis' medications based upon a chart review did not show deliberate indifference to Curtis' serious medical needs, citing *Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001) and *Parker v. Fortner*, civil action no. 6:10cv296, 2012 U.S. Dist. LEXIS 31800, 2012 WL 830963 (E.D.Tex., January 19, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 31789, 2012 WL 830717 (E.D.Tex., March 9, 2012), *aff'd* 508 F.App'x 359, 2013 U.S. App. LEXIS 1526, 2013 WL 2642350 (5th Cir.), *cert. denied*, 569 U.S. 952 (2013). Curtis' disagreement with Dr. Jones' medical judgment likewise does not show that Dr. Jones retaliated against him. Curtis' objections concerning Dr. Jones are without merit.

Curtis complains of the incident where Foust grabbed his arm, apparently as part of his claim that Foust retaliated against him. The Magistrate Judge correctly determined that Curtis did not exhaust his retaliation claims against Foust, Hoisington, or White, and Curtis does not challenge this determination. To the extent Curtis complains of the incident as excessive force, he does not object to the Magistrate Judge's conclusion that the incident was *de minimis* and thus did not rise to the

level of a constitutional violation. Instead, he says in his objections that Foust's grabbing his arm "is a use of force that violates the use of force protocol and PD-22, both TDCJ regulations." The Magistrate Judge correctly determined that violations of prison rules and regulations do not by themselves amount to constitutional claims. *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017), *citing Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Curtis' objections concerning Foust are without merit.

Curtis' objections reiterate the claims in his complaint to the effect that Coburn harassed and retaliated against him for his filing of grievances. The courts have held that simply repeating the allegations of the complaint, without reference to the Magistrate Judge's Report, does not amount to "specific written objections to the proposed findings and recommendations." *Black v. CSQT, Inc.*, civil action no. 6:17cv298, 2019 WL 6044180 (E.D.Tex., November 15, 2019), *citing LaFerney v. Director, TDCJ-CID*, civil action no. 2:13cv806, 2014 WL 47403 (E.D. Tex., January 6, 2014) (objections which simply repeat the allegations of the complaint offer nothing to contradict the Magistrate Judge's proposed findings and conclusions).

In this case, the Magistrate Judge correctly determined that Curtis failed to offer specific facts showing retaliation or a chronology from which retaliation could plausibly be inferred. Instead, Curtis simply asserted in a conclusory manner that Coburn has harassed and retaliated against him since he filed his first grievance. This is not sufficient to meet the elements of a retaliation claim; the Fifth Circuit has held that a prisoner's claim that harassment by prison officials intensified after he started filing grievances is insufficient to prove "but for" causation. *Reese v. Skinner*, 322 F.App'x 381, 2009 U.S. App. LEXIS 8471, 2009 WL 1066997 (5th Cir., April 21, 2009); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (showing of retaliation must be more than the prisoner's personal belief that he has been the victim of retaliation). Curtis' objections concerning Coburn are without merit.

Although Curtis contends that Hoisington covered up acts of wrongdoing and did not process some of his grievances in an attempt to chill his filings against wrongful acts by the Defendants, he

offered no specific facts to substantiate this claim. The Magistrate Judge correctly determined that this claim was entirely conclusory and that in any event, Curtis has no constitutionally protected liberty interest in the prison grievance procedure or in having grievances resolved in the manner he believed appropriate. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). His objections on this point are without merit.

Similarly, Curtis speculates asserts that Myra Walker knew that the reasons for the medical transfer were fabricated and that Joni White and Ramona Pharis knew that he was at the Beto Unit on a medical hardship. The Magistrate Judge correctly determined that these officials were entitled to rely on the determination of medical professionals that a transfer was medically necessary and that Curtis had no protected liberty interest in remaining at the Beto Unit. *See Petzold v. Rostollan*, – F.3d –, 2019 U.S. App. LEXIS 38573, 2019 WL 7206050 (5th Cir., December 27, 2019), n.41; *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988).

Finally, Curtis complains that the Court did not permit discovery, through which he speculates that he could have proven his claims. The discovery plan in effect for the case (docket no. 13) required the Defendants to disclose all information relevant to the claims or defenses of any party. The docket shows that disclosure was made by the Defendants on June 22, 2018, but does not show that Curtis ever requested discovery or a Rule 56(f) continuance. Nor has Curtis explained what information he sought to discover or how it would have proven his claims. *See Martinez v. Abbott*, – F.App'x –, 2019 U.S. App. LEXIS 36287, 2019 WL 6632821 (5th Cir., December 5, 2019), *citing Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (party seeking a continuance for discovery under Rule 56(f) must show why the additional discovery is needed and how that discovery will create a genuine issue of material fact). A party cannot evade summary judgment simply by arguing that additional discovery is needed and may not rely on vague assertions that additional discovery will produce needed but unspecified facts. *Adams*, 465 F.3d at 162. Curtis' objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 57) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motion for summary judgment by the Defendants Christy Hoisington, Keith Foust, Joni White, and Rose Coburn (docket no. 47) is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that the Plaintiff's claims against the Defendant Reshetta Lewis are **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So **ORDERED** and **SIGNED** January 11, 2020.

_____
Ron Clark, Senior District Judge